#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | | |
|---|---|---|
| Carlos A. Dennison, | ) | Civil Action No. 2:21-cv-3717-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Joanna K. Delany, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss Plaintiff's Amended Complaint with prejudice without issuance and service of process. (Dkt. No. 16). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.   Background**

Plaintiff is an inmate at the MacDougall Correctional Institute of the South Carolina Department of Corrections. (Dkt. No. 10). Plaintiff filed this action pursuant to 42 U.S.C. § 1983. (*Id.*). Plaintiff's allegations concern his state court appeal of his criminal convictions and disagreement with Defendant Joanna K. Delany. (*Id.* at 5, 7). Plaintiff contends a signature on the original copy of a warrant differs from the purported signature on Defendant's copy. He asserts this is a violation of S.C. Code § 17-3-140. Plaintiff claims the issuing judge's signature was forged on the warrant. (*Id.* at 7-9). Plaintiff contends Defendant was "careless and wrong" for not raising claims in his appeal. (*Id.*). Plaintiff may assert the warrants and events as to his criminal cases violated South Carolina law including S.C. Code §§ 16-13-10 (forgery); 17-13-140 (issuance, execution, and return of search warrants); and 16-9-10 (perjury and subordination of

perjury). He claims the issuance of a defective warrant resulted in officers arresting him and confining him in violation of S.C. Code § 16-3-910. (Dkt. No. 10 at 8-9).

Plaintiff contends Defendant violated his Fourth, Sixth, and Fourteenth Amendment rights and Defendant committed legal malpractice. (*Id.*). On December 17, 2021, the Magistrate Judge advised Plaintiff of pleading deficiencies in the complaint and gave Plaintiff an opportunity to amend the complaint. (Dkt. No. 7). On January 3, 2022, Plaintiff filed an amended complaint. (Dkt. No. 10). On January 7, 2022, the Magistrate Judge issued an R & R recommending the Court dismiss the amended complaint. (Dkt. No. 16). Plaintiff did not file objections to the R & R.

## II.  Legal Standard

### A.  Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

### III.   Discussion

Upon a careful review of the pleadings, the Court finds the Magistrate Judge carefully considered the issues to correctly determine that Plaintiff's amended complaint should be dismissed.

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, Plaintiff alleges claims against Defendant for her actions as his appointed counsel. Plaintiff fails to allege any facts to indicate Defendant acted under color of state law. *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Stroman v. S.C. Office of Appellate Def.*, 447 F. Supp.2d 515, 518 (D.S.C. 2005) (finding a public appellate attorney was not acting under state law and was entitled to dismissal).

Second, to the extent Plaintiff attempts to bring claims under South Carolina criminal statutes §§ 16-13-10, 16-9-10, and 16-3-910, a violation of state law does not provide the basis for a claim pursuant to § 1983. *Clark v. Link*, 855 F.2d 156, 161-62 (4th Cir. 1988).

Third, Plaintiff alleges Defendant committed legal malpractice. A legal malpractice claim is not actionable pursuant to § 1983 because § 1983 does not provide a cause of action for negligence. *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 200-203 (1989).

Fourth, to the extent Plaintiff alleges state law claims for negligence and malpractice, the claims are dismissed. As Plaintiff fails to state a federal claim, only state law claims would remain. Federal courts may hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of supplemental jurisdiction. 28 U.S.C. § 1367; *Wisconsin Dep't of Corrs. V. Schacht*, 524 U.S. 381, 387 (1998). Plaintiff may not bring his claims pursuant to diversity jurisdiction because Plaintiff and Defendants are both citizens of South Carolina. (Dkt. No. 10 at 2); 28 U.S.C. § 1332 (diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000 . . . and is between (1) citizens of different States . . ."). The Court declines to

exercise supplemental jurisdiction over any state law claims as Plaintiff has not asserted a valid federal claim and there is no diversity jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002).

## IV.     Conclusion

For the reasons stated above, the Court adopts the R & R as the Order of the Court. (Dkt. No.16). Plaintiff's complaint is dismissed with prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 28, 2022
Charleston, South Carolina